**BOYD, Plaintiff, v INDUSTRIAL COMMISSION, Defendant.**

Ohio Appeals, Second District, Franklin County.

No. 4085. Decided January 20, 1948.

Messrs. Harrison, Thomas, Spangenberg & Hull, Cleveland, and Michael S. Cerrezin, Cleveland, for relator.

Hon. Hugh S. Jenkins, Atty. Genl., Columbus, and R. Brooke Alloway, Asst. Atty. Genl., Columbus, for respondent.

## OPINION

By THE COURT.

Submitted on demurrer by the Industrial Commission of Ohio, respondent, for the reason that the amended petition of relator fails to state a cause of action against the respondent.

The amended petition alleges that William M. Boyd, relator, is a citizen of the State of Ohio and a taxpayer in the City of Cleveland, State of Ohio, and that he brings this action on his own behalf as a citizen and a taxpayer and for and on behalf of all other citizens and taxpayers of this State.

Relator says further that the respondent is the duly appointed, qualified and acting Board, charged with all the rights, duties and responsibilities of the Industrial Commission under the statutes of Ohio. The amended petition alleges further it is the duty of the respondent under the statutes of Ohio to collect certain premiums from each employer of three or more employees, the same to be paid into a state fund. The relator alleges further that the respondent has failed, neglected and refused to perform its duty with respect to the premiums required to be paid by a certain class of employers, to wit, those employers who are engaged in using the highways of the State of Ohio for commercial hauling of freight.

After alleging further no adequate remedy at law, the relator prays that a writ of mandamus may issue and that the

respondent may be commanded to proceed forthwith with the collection of the premiums due from said companies.

One of the questions raised by the demurrer is whether the relator has an interest in the relief which he has demanded. The respondent is contending that the relator has no interest within the meaning of §12287 GC. This question has been decided by our Supreme Court in the case of **Brissel, et al. v State, ex rel. McCammon, 87 Oh St 154,** the third syllabus of which states:

"In a proceeding in mandamus where the relief sought is the enforcement of a public duty by a public officer or board, it is sufficient to sustain the right of the relator to maintain the suit, that he show that he is a citizen and as such interested in the execution of the laws."

The amended petition sufficiently sets forth that the collection of the assessments enumerated is a public duty of the respondent. This same rule has also been announced in **State, ex rel. v Brown, 38 Oh St 344; State, ex rel. Tanzey, 49 Oh St 656; State, ex rel. Downing v Powers, 125 Oh St 108;** and **State, ex rel. v Wallace, 138 Oh St 410.**

We are, therefore, of the opinion that the plaintiff has an interest in this action within the meaning of §12287 GC.

It is further contended by the respondent that the amended petition does not seek the performance of any specific act or acts by the respondent. We are not in accord with the conclusion of demurrant that the petition seeks only to compel a general course of official conduct. The petition asserts that a class of employers, which is specifically defined, is amenable to the law and should contribute to the Workmen's Compensation Fund, and that in contravention of defendant's specific obligation it has not required such employers to contribute. Whether or not this pleading would have been good against a motion to make definite and certain is not before us. We are satisfied that upon the averments of the amended petition as they now appear, the plaintiff would be permitted to introduce in support of his case proof of specific incidents wherein the defendant is remiss in failing to compel contribution to the fund.

The amended petition is good as against general demurrer and the same is overruled.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.